NINLLIAT, PLAINTIFF, APPELLEE AND RESPONDENT, *v.* SURIÑACH ET AL., DEFENDANTS, APPELLANTS AND PETITIONERS.

PETITION by the Appellants for Permission to Prove an Exception.

No. 20.—Decided May 25, 1917.

BILL OF EXCEPTIONS—PETITION TO PROVE EXCEPTION.—In settling the bill of exceptions the trial judge ordered the elimination of the reasons or grounds given by the appellants in support of an exception to the order overruling

a motion for nonsuit, and, basing their action on section 218 of the Code of Civil Procedure and Rule 64 of the Supreme Court, the appellants petitioned for permission to prove the exception as it appeared in the bill. The evidence is contradictory as to whether at the trial the appellants stated the said grounds specifically. *Held:* That it not having been shown that in ordering the elimination the judge was actuated by passion, prejudice, or partiality or committed manifest error, his opinion should prevail and the bill of exceptions be left in the form in which it was approved by him.

The facts are stated in the opinion.

*Mr. Angel Arroyo Rivera* for the appellants.

*Mr. José Sabater* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Mayagüez having rendered judgment for the plaintiff, the defendants appealed therefrom to this court and for the purposes of the same filed a bill of exceptions which the district court settled on April 26, 1917, but striking out the five grounds assigned in support of the exception of the appellants to the order of the court overruling their motion for nonsuit. Thereupon the appellants, relying on the provisions of section 218 of the Code of Civil Procedure and rule 64 of this court, petitioned this court to prove the exception as it was stated in the bill. The motion of the appellants is accompanied by two affidavits and a certificate issued by the secretary of the district court, and notice was given to the adverse party and the trial judge. The adverse party opposed the motion and filed two affidavits in support of his opposition.

The appellants allege that the court refused to approve the exception in the form proposed by them, because "it did not remember precisely whether the said grounds of exception No. 5 were stated at the trial  *  *  *," and maintain in their affidavits that upon making their motion for nonsuit they assigned the five grounds stated in the bill of exceptions presented. In the affidavits accompanying his motion opposing the petition the appellee contends as follows: Affidavit of the court stenographer.—"Attorney José Sabater, counsel for the plaintiff in this action, has shown me the

petition made by Attorney Angel Arroyo to the Supreme Court of Porto Rico to allow the appellant to prove an exception, and on the second page of said application I have read the grounds on which the fifth exception, or motion for nonsuit, is alleged to be based, and I aver that such grounds do not appear in said stenographic notes, nor, to the best of my recollection, were they stated by the said attorney, and that I did not take them down; for had they been given at the trial of the action they undoubtedly would have appeared in my notes.'' Affidavit of Attorney Sabater.—''That such grounds, according to the best of his belief and recollection, were not given at the trial and that said attorney had ample time to present them in writing and did not do so  *  *  *. That after searching his memory concerning the grounds of the said motion for nonsuit made by the petitioning attorney, Judge Charles E. Foote stated to this attorney that he does not believe that the said grounds were given as stated in the bill of exceptions.''

In such circumstances, the evidence being contradictory and there being no showing that the district judge was influenced by passion, prejudice or partiality, or that he committed manifest error, his opinion should prevail and the bill of exceptions must remain in the form in which it was approved by him.

A similar case was decided to this effect by the Supreme Court of California; namely, *In re Howard,* 108 Cal. 31. In it Mr. Justice Garcutte, in delivering the opinion of the court, expressed himself as follows:

''This is an original proceeding, brought under section 1174 of the Penal Code, for the purpose of proving an exception. According to the petition the defendant, Howard, was on trial charged with murder, and during the closing argument the assistant district attorney used certain language to the jury which it is claimed was unjustified by the evidence, and seriously objectionable to defendant's rights, and to which objection was made at the time and an exception noted. This alleged language, objection thereto, and exception were incorporated into defendant's proposed bill of exceptions

to be used upon appeal, and the bill so presented·to the judge'for settlement. But the judge refused to settle the same as presented, and struck therefrom the purported language of the prosecuting officer, and the exception thereto, upon the ground that no such language was used by the attorney during the argument, and thereupon settled the bill. Upon the filing of the present petition this court ordered a reference to a commissioner to take evidence as to the truth of the allegations of the petition bearing upon the language claimed to have been used. The commissioner took the evidence, and has reported the same in full to this court without conclusions as to the ultimate fact.

"Upon examination of the evidence placed before us there appears to be a square and irreconcilable conflict as to whether or not the language set out in the petition· was used by the prosecuting officer in his address to the jury. Under such circumstances the action of the trial court in settling.the bill of exceptions as it was settled must be sustained.

"For the foregoing reasons petitioner's application is denied."

Other interesting questions were raised in the consideration of this case, but having reached the foregoing conclusion, it is not necessary to examine them and much less to pass upon them.

The appellant's petition should be

*Denied.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.